UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re AFRODITI LEDSTROM,<br><br>    Debtor | Case No.: 2:14-cv-1000-JAD |
| YVETTE WEINSTEIN, Chapter 11 Trustee, et al.,<br><br>    Plaintiffs<br><br>vs.<br><br>1531 LVBS, LLC, a Nevada limited liability company, LV CABARET SOUTH, LLC, a Nevada limited liability company, et al.,<br><br>    Defendants | Bankr. No. 12-S-11672-MKN<br>Bankr. Adv. No. 14-01018-MKN<br><br>**Order Denying Defendants' Motion to Reconsider Order Denying Amended Motion for Withdrawal of the Reference to the Bankruptcy Court (#19)** |
| ARISTOTELIS ELIADES, individually and on behalf of O.G. ELIADES, LLC, a Nevada limited liability company; OG ELIADES AD, LLC, a Nevada limited liability company; and the O.G. ELIADES, LLC/OG ELIADES AD, LLC Partnership, a Nevada general partnership,<br><br>    Plaintiffs in Intervention<br><br>vs.<br><br>1531 LVBS, LLC, a Nevada limited liability company; LV CABARET SOUTH, LLC, a Nevada limited liability company,<br><br>    Defendants | |
| ARISTOTLE HOLDING, LP and PETE THE GREEK, LLC,<br><br>    Plaintiffs in Intervention,<br><br>vs.<br><br>1531 LVBS, LLC, a Nevada limited liability company; DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants | |

Defendants 1531 LVBS, LLC and LV Cabaret South, LLC request that I reconsider my April 22, 2015, order denying their amended motion for withdrawal of the reference to the bankruptcy court.[1] Defendants argue reconsideration is warranted because I overlooked the "Additional Designation" they filed on February 12, 2015, identifying that the bankruptcy court ruled on the question of its subject-matter jurisdiction over the issues in the adversary proceeding.[2] Defendants are mistaken. I noted in the order that defendants filed a notice on February 12, 2015.[3] That notice is the so-called "Additional Designation." Defendants' notice, however, was insufficient to put the documents identified in it on the record in this case. And, in any event, those documents do not cure the underlying defect I found with defendants' amended motion.

The amended motion challenges the subject-matter jurisdiction of the bankruptcy court, which is an issue that defendants also raised with the bankruptcy court.[4] But because the amended motion was filed before the bankruptcy court entered its decision on subject-matter jurisdiction, neither the amended motion, the plaintiffs' responses, nor defendants' reply addressed the merits of the bankruptcy court's decision on that issue. I thus found that the amended motion was premature.[5] Mindful that reconsideration is an "extraordinary remedy [that] should be used sparingly,"[6] I find nothing in defendants' motion—which asks me to opine on an issue the bankruptcy court decided without a single brief addressing the merits of bankruptcy court's decision—to justify using it in this case. The motion is therefore denied.

---

[1] Doc. 19. Plaintiffs did not file a response.

[2] Doc. 19 at 4:5–13.

[3] Doc. 18 at 1 n. 1.

[4] Doc. 7 at 7:24–8:2.

[5] Doc. 18 at 2:4–5 ("Thus, I deny this amended motion to withdraw the reference without prejudice for the same reasons articulated in Case Nos. 14-cv-569 and 14-cv-900.").

[6] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted).

**Discussion**

Federal Rule of Civil Procedure 59(e) does not list "specific grounds for a motion to amend or alter[;]" and "the district court enjoys considerable discretion in granting or denying the motion."[7] "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:" (1) if the motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if the motion is necessary to present newly discovered or previously unavailable evidence; (3) if the motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.[8] "[O]ther, highly unusual circumstances" also may "warrant[ ] reconsideration."[9] But amending a judgment after its entry remains "an extraordinary remedy [that] should be used sparingly."[10]

Defendants have failed to show why this "extraordinary remedy" is warranted in this case. Defendants argue that I committed clear error by overlooking bankruptcy court documents—a "Memorandum and Order" and "Preliminary Ruling"—that defendants identified in their notice on February 12, 2015. But those documents were not overlooked. I noted in the order that defendants "also filed a notice on February 12, 2015. Doc. 17."[11] The problems with those documents are that (1) defendants' notice was insufficient to place them on the record in this case and, in any event, (2) they do not cure the underlying defect I found with the amended motion—it was premature.

The documents were not properly placed on the record in this case because they were not attached to the notice.[12] And defendants did not ask me to take judicial notice of those documents

---

[7] *Id.* (internal quotation marks and citation omitted).

[8] *Id.* (citation omitted).

[9] *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[10] *Herron*, 634 F.3d at 1111.

[11] Doc. 18 at 1 n. 1.

[12] *See* LOC. R. BANKR. 5011(e) ("After a docket is opened in the district court, documents pertaining to the matter under review must be filed with the district court clerk. . . .").

under FRE 201. But even if those documents were properly before me,[13] that would not *ipso facto* render the amended motion ripe. The fundamental problem with the amended motion still remains. As the amended motion was filed and fully briefed before the bankruptcy court ruled on the issue of subject-matter jurisdiction, none of the parties was able to address in its brief before me the merits of the bankruptcy court's decision on that issue. Accordingly, I find no reason to reconsider my April 22nd order. The defendants' motion is therefore denied.

In light of the fact that the bankruptcy court ruled in the first instance on the basis for defendants' request for a withdrawal of the reference—lack of subject-matter jurisdiction—I advise defendants that if they intend to continue their challenge, they should consider requesting leave under 28 U.S.C. § 158(a)(3) to appeal from the bankruptcy court's interlocutory order finding subject-matter jurisdiction.

## Conclusion

Accordingly, it is HEREBY ORDERED that Defendants 1531 LVBS and LV Cabaret South's **Motion to Reconsider the Order Denying Defendants' Amended Motion for Withdrawal of the Reference to the Bankruptcy Court (#19) is DENIED**. The Clerk of Court is instructed to close this case.

Dated: August 14, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[13] Defendants attached a copy of the "Memorandum and Order" to their motion for reconsideration. Doc. 19-2.